PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/11/99
THOMAS K. KAHN
CLERK

_____

No. 98-5225
Non-Argument Calendar

_____

D. C. Docket No. 97-7029-CV-WJZ

JEAN JOSEPH ETIENNE, on behalf of himself,
and all others similarly situated,

Plaintiff-Appellant,

versus

INTER-COUNTY SECURITY CORPORATION,
a Florida Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 11, 1999)**

Before BIRCH and BARKETT, Circuit Judges, and HENDERSON, Senior Circuit Judge.*

_____

* This decision is rendered by a quorum, due to Judge Henderson's death on May 11, 1999.  28
U.S.C. § 46(d).

PER CURIAM:

On consideration of appellant's motion to alter and/or amend the judgment, the

prior opinion issued on April 30, 1999, and published at 173 F.3d 1372 (11th Cir.

1999), is modified, as follows:

We vacate the introductory paragraph and adopt in its place the following:

This is an appeal from the jury's verdict for the defendant in the plaintiff's action brought for failure to pay overtime wages under the Fair Labor Standards Act. Plaintiff/appellant Etienne raises three issues: (1) the district court erred in denying his motion for judgment as a matter of law, (2) the jury verdict was contrary to law and against the clear weight of the evidence, and (3) the district court erred in its jury instructions regarding the burdens of proof. We conclude that the district court did not err in refusing to give Etienne's requested jury instructions. We decline to consider Etienne's claim that jury's verdict went against the weight of the evidence because Etienne did not raise this argument before the district court. Finally, we conclude that the district court did not err in denying the motions for judgment as a matter of law, except with respect to $18.62 in wages, which the defendant admitted to owing. We vacate the last paragraph in section (1) of the opinion discussing the motion

for judgment as a matter of law and adopt in its place the following:

The operations manager, relying on company records, testified that Etienne was paid all the overtime compensation he earned, with the exception of $18.62, which was the payroll company's error. Etienne testified that he worked additional hours for which he was not compensated. The evidence was essentially a credibility determination, with the exception of the $18.62 the defendant admitted to owing, and the credibility of the witnesses was the province of the jury. Therefore, the district court did not err in denying the motions for judgment as a matter of law, except with respect to the $18.62. We vacate the district court's denial of the plaintiff's motion for judgment as a matter of law and remand to the district court for further proceedings in accordance with this opinion.

The disposition of the case should read:

AFFIRMED in part, VACATED in part, and REMANDED.